## SIMPSON v. COTTEN.
### No. 5464.

Court of Civil Appeals of Texas. Amarillo.
Sept. 28, 1942.

Rehearing Denied Oct. 26, 1942.

George I. Shannon and Erwin C. Ochsner, both of Amarillo, for appellant.

H. H. Cooper, of Amarillo, for appellee.

STOKES, Justice.

This is an appeal from an order of the District Court of the 47th Judicial District of Potter County, overruling appellant's plea of privilege, and the case is now before us on the motion of appellee to dismiss the appeal. The record shows that the suit was filed in the 47th District Court by Federal Building Material Company, a corporation, against appellee, D. M. Cotten, and G. F. Cotten upon a promissory note in the sum of $1,550 which the plaintiff alleged was executed by them on June 5, 1941, and was due and payable to plaintiff June 20, 1941. The defendants in the original action filed a general denial and a cross action against the plaintiff corporation in which they made appellant, Lyle Simpson, a third party defendant, alleging that he induced the plaintiff to breach a contract existing between the plaintiff and the original defendants, with which contract appellant Simpson had some connection, and that appellant himself had also breached the contract, to defendants' damage in the sum of $2,500 which they pleaded as an offset to the promissory note, to the extent of the amount due thereon, and prayed for a judgment for the balance.

Appellant Simpson filed a plea of privilege, alleging that his residence was in

Hale County and sought to have the venue transferred to the county of his residence. The plea of privilege was contested by appellee on the ground that appellant was a necessary and indispensable party to the action and cross action and that the court had venue under Section 29a of Article 1995, Vernon's Ann.Civ.St., which provides that whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of the defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

The plea of privilege and controverting affidavit were heard by the 47th District Court and the plea of privilege overruled on January 24, 1942. Appellant duly excepted to the order of the court overruling his plea of privilege and perfected an appeal to this court. After the appeal was perfected, the original case was transferred to the 108th District Court of Potter County and appellant filed in that court his special exceptions to the answer and cross action of the defendants, making him a third party defendant to the cause of action, in which exceptions he contended: (a) That the defendants' purported cause of action against him for inducing the plaintiff to breach the contract was not a proper cross action in the main suit; (b) that the purported cause of action against him personally for breach of the contract was not a proper cross action in the main suit; and (c) that the purported cause of action against him for conspiracy was not a proper cross action to the main suit. These special exceptions were sustained by the 108th District Court on August 29, 1942, and an order was duly entered dismissing appellant from the original case. No exception was taken to the action of the court in dismissing appellant, and appellee alleges in his motion to dismiss this appeal that no amendment has been filed or will be filed seeking to retain appellant Simpson as a defendant in the original case.

Appellant has filed a reply to appellee's motion to dismiss the appeal in which he joins the appellee in his motion to dismiss, but contends that the costs of the appeal should be taxed against appellee, and this raises the point which it is necessary for us to decide.

The trial court lost jurisdiction of the plea of privilege when appellant perfected his appeal therefrom, but the jurisdiction of the main case was still pending in the court below when appellant's special exceptions were presented to it. The trial court therefore had jurisdiction to pass upon the questions raised thereby and the power to sustain them and dismiss appellant from the case. The controversy concerning the plea of privilege is between appellant and appellee, D. M. Cotten, the plaintiff in the case not being in any manner concerned with it, and it lost its substance when the main case against appellant was disposed of in the court below. The effect of the order in that court dismissing appellant from the main case was to terminate the controversy over the plea of privilege which constitutes the subject matter of this appeal. The basis upon which the plea of privilege rested was removed and the controversy concerning it became functus officio. The question raised concerning the order of the court upon the plea of privilege and controverting affidavit, which is the case before this court, has therefore become moot and it follows that the question of whether the 47th District Court correctly overruled the plea of privilege becomes an abstract question of law. It is well settled that courts do not sit for the purpose of expounding abstract principles of law but are concerned only with legal rights of litigants and entering judgments upon questions of law and fact that fall within their jurisdiction when properly presented to them. McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331; Brown County Life Ins. Co. v. Hagins, Tex.Civ.App., 110 S.W.2d 1162; State ex rel. Baughman et al. v. Woodruff et al., Tex.Civ.App., 106 S.W.2d 1088.

The rule is also well settled in this State that when a case has become moot, the proper order to be entered by the appellate court is one dismissing the case, and not one dismissing the appeal. While, in his motion, appellee requests us to dismiss the appeal and appellant acquiesces therein and prays that the costs be taxed against appellee, neither party has prayed for the order concerning dismissal which it is the duty of this court to enter. If we should dismiss the appeal, the judgment of the court below overruling the plea of privilege would be left undisturbed, and our action in dismissing the appeal would have

the effect of affirming that judgment without according to appellant a hearing upon the merits of his appeal. This is the ground upon which the courts have established the rule that when a moot question appears, the proper order to be entered by the appellate court is one dismissing the case, as distinguished from one dismissing the appeal. Cullen et al. v. Ellis County Levee Improvement Dist. No. 3, Tex.Civ. App., 77 S.W.2d 310; State v. Society for Friendless Children, 130 Tex. 533, 111 S. W.2d 1075; International Ass'n of Machinists, Local Union No. 1488, et al. v. Federated Ass'n of Accessory Workers et al., 133 Tex. 624, 130 S.W.2d 282, and authorities there cited.

We find nothing in the record before us which would take the case out of the general rule. The main case is not before us, but we do have before us a controversy of which this court has jurisdiction, namely, the plea of privilege and controverting affidavit. As we have already said, the case pending before us has become moot because the main case upon which it rests has been dismissed and finally disposed of in the trial court. The case pending before us, therefore, must be disposed of in the same manner as any other moot case. Appellee contended in the court below that that court had venue of his cause of action against appellant because appellant was a necessary party. This was controverted by the appellant and when the 108th District Court sustained the special exceptions and dismissed appellant from the case the order had the effect of destroying the foundation of the plea of privilege and applying to the case now before us the general rule concerning moot questions.

In accordance with the holding of the Supreme Court upon a like question in the case last cited, the motions to dismiss the appeal will be overruled, the cause of action between appellant and appellee made by the cross action of appellee, in its relation to the plea of privilege, will be dismissed, and the costs accruing in the case now before us, both in this court and in the court below, will be taxed against the appellee who brought into the trial court the controversy out of which the plea of privilege grew, and controverted the plea of privilege.