INSURANCE INV. CORPORATION v.
HARGROVE et ux.

No. 11286.

Court of Civil Appeals of Texas.
San Antonio.

March 1, 1944.

Rehearing Denied March 29, 1944.

Carlton, Martin & Street, of Dallas, for appellant.

J. B. Lewright, of San Antonio, for appellees.

MURRAY, Justice.

On April 21, 1943, this Court delivered an opinion holding that the judgment herein was not such a final judgment as would support an appeal, 171 S.W.2d 384. The Supreme Court granted a writ of error and on January 5, 1944, reversed this judgment, holding the judgment to be a final judgment such as would support an appeal and remanded the cause to this Court for further consideration, 176 S.W.2d 744. In keeping with that opinion we now proceed to a consideration of the cause upon its merits.

We here copy the statement of the case as set out in the opinion of the Supreme Court, 176 S.W.2d 744, to-wit: "While there were several preliminary agreements between the parties, the suit, as tried, is on a contract in the form of a note, with a

number of additional provisions, whereby respondent, Insurance Investment Corporation, promised to pay petitioner, Mrs. Hargrove, the total sum of $31,771.20. The note was given in payment for 6,688 shares of stock of Teachers Annuity Life Insurance Company. It is payable in monthly installments, the first of $1,000 on March 16, 1942, and subsequent installments of $500 each on the 16th day of each month thereafter 'until the several sums thus payable and like sums to be held and retained by the maker hereof on account of the pendency of the law suit brought by Santa Fe National Life Insurance Company against Teachers Annuity Life Insurance Company in a district court of Bexar County, Texas, shall total the full amount of the principal sum of this note, to wit, $31,771.-20.' "

The note provides that on the 16th day of each month the maker will credit on its books to Mrs. Hargrove a like amount to the amount payable under the terms of the note and that all amounts so credited shall be retained until final disposition of the suit brought by Santa Fe National Life Insurance Company and shall be applied, but not in excess of $17,500, to the payment of one half of the amount of the judgment that may be recovered by the said Santa Fe Insurance Company against Teachers Annuity Life Insurance Company, the remainder of the retained funds to be paid to Mrs. Hargrove. The note further provides for maturity of all unpaid installments, at the holder's option, if any installment becomes delinquent and so remains for thirty days, and it is secured by the pledge of a certificate for 3,344 shares of the capital stock of Teachers Annuity Life Insurance Company.

The petition filed by Mrs. Hargrove and her husband, on which the case was tried, alleges the sale by Mrs. Hargrove of the 6,688 shares of stock of Teachers Annuity Life Insurance Company to Insurance Investment Corporation, the execution of the several preliminary contracts and the execution and provisions of the note for $31,-771.20, above described, including the pledge of the certificate for 3,344 shares of stock as security for the note. It alleges default in payments due according to the terms of the note and that the suit by Santa Fe Life Insurance Company against Teachers Annuity Life Insurance Company is still pending and prays judgment for the whole amount owing to plaintiff and for general relief. The supplemental petition, which the trial court at plaintiff's request treated as a trial amendment, alleges further defaults in payments due according to the terms of the note and plaintiff's election to mature the full amount agreed to be paid and prays for judgment for the whole amount evidenced by the note.

The trial answer of respondent, which was defendant in the district court, denies the plaintiff's allegations and prays for judgment canceling and holding for naught the contracts and instruments described in the petition. As grounds for their cancellation it alleges particularly that Mrs. Hargrove did not own 6,688 shares of the stock of Teachers Annuity Life Insurance Company but owned only 5,688 shares; that the contracts never became effective and the consideration therefor wholly failed because plaintiff verbally agreed that they were not to be effective until she obtained and delivered to defendant 1,000 shares of the stock of Teachers Annuity Life Insurance Company then held by the treasurer of the State of Texas and those shares were never obtained; that the contracts should be cancelled because plaintiff and her husband represented that Teachers Annuity Life Insurance Company was solvent and owned property worth at least $270,000, whereas in truth the corporation was insolvent and the value of the property was far less than that represented by plaintiff; and that the contracts should be canceled because they were never actually delivered to plaintiff but were left with her attorney with the agreement that they would be held by him until plaintiff procured the release of the 1,000 shares of stock held by the state treasurer.

At the conclusion of the evidence the trial court instructed a verdict in favor of plaintiffs and proceeded to render judgment in their favor in the aggregate principal sum of $31,771.20. There are many other provisions of the judgment which we need not here set out.

From this judgment Insurance Investment Corporation has appealed.

Appellant's first point reads as follows: "The Court should not have instructed a verdict in favor of the plaintiff."

Appellee objects to our considering this point for the following reasons, to-wit:

"(a) Said 'first point' is fatally defective in that it is too vague, indefinite and uncertain to constitute 'an assignment of error';

"(b) Same is fatally defective because it does not state any fact or reason why there was alleged error on the part of the trial judge in instructing a verdict herein for Mrs. Hargrove;

"(c) It is legally insufficient because it is not followed or supported by any proposition applicable to the peculiar facts of the instant case;

"(d) It is not followed or supported by any statement of record facts which show that the trial court erred in instructing a verdict herein for Mrs. Hargrove;

"(e) The pleadings of appellant in the trial court were legally insufficient to raise or present any such alleged issue or issues of fact as that or those vaguely suggested by appellant in its 'statement' and its 'argument' presented under said 'first point.'"

■■■ We overrule this contention, for, as was said by Justice Critz in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482, "Our present briefing rules were adopted for the purpose of simplifying the briefing of cases so that greater attention will be devoted to the presentation of the merits of the appeal, and less attention given to the mechanics of the brief. The object of a 'point' in the brief, as provided for in Rule 418, is to call the Court's attention to the questions raised and discussed in the brief. It is intended that the 'point' shall be short or in few words. It is not necessary that a 'point' be complete within itself, in the sense that it must, on its face, show that the matter complained of presents reversible error. If a 'point' is sufficient to direct the Court's attention to the matter complained of, the Court will look to the 'point' and the statement and argument thereunder to determine the question of reversible error. Simply stated, the Court will pass on both the sufficiency and the merits of the 'point' in the light of the statement and argument thereunder."

■■■ The point, when considered together with the statement and argument following it, is sufficient to direct the Court's attention to the matter complained of and we will therefore give consideration to this point.

There is evidence in the record to show that appellant purchased 6,688 shares of stock in the Teachers Annuity Life Insurance Company at $5 per share. The aggregate judgment is for such sum less certain payments theretofore made and to be made by appellant. There was one certificate for 3,344 shares delivered directly to appellant and another certificate for 3,344 shares held in escrow. These two certificates represented an over issue of stock to Mrs. Hargrove of 1,000 shares as she owned only 6,688 shares in all and 1,000 shares had theretofore been placed with the State Treasurer of Texas.

■■■ O. M. Street, a witness for appellant, testified that the note or contract sued upon was not to become effective until C. M. Hargrove secured the 1,000 shares of stock from the state treasurer and delivered it to appellant, and that appellees have never delivered the 1,000 shares of stock, for the reason that the state treasurer has refused to release the same. He further testified that this suit was to be dismissed, which was never done. This evidence was sufficient to raise a fact issue which should have been submitted to the jury. It is true that contradictory evidence was introduced by appellees, but this conflict of evidence presented a fact question for the jury and not a law question for the Court. Morris v. Logan, Tex.Civ. App., 273 S.W. 1019.

■■■ Appellees contend that appellant's pleadings were insufficient to raise these issues. We overrule this contention. Under our present liberal system of pleading the matters were sufficiently raised in the answer of appellant.

■■■ Appellant's second point is as follows: "This case should be reversed because the court should not have overruled defendant's second application for continuance. Appellant did not file a motion for a new trial in this case. Rule No. 325, Texas Rules of Civil Procedure, provides that: "In cases of motions for continuance, or for change of venue, or other preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; * * *." Point 2 is overruled.

Appellant's points 3 and 4 relate to the exclusion by the trial court of certain evidence. Under the present state of the pleadings and the record generally, we are unable to say that reversible error was committed in the exclusion of this testimony. Points 3 and 4 are overruled.

For the error pointed out, the judgment will be reversed and the cause remanded.