PURETEX LEMON JUICE, INC., Appellant,

v.

CALIFORNIA PRODUCTS, INC., et al.,
Appellees.

No. 13444.

Court of Civil Appeals of Texas.

San Antonio.

May 6, 1959.

Rehearing Denied June 3, 1959.

Strickland, Wilkins, Hall & Mills, Mission, for appellant.

Robert H. Kern, Jr., McAllen, James & Conner, Fort Worth, for appellees.

BARROW, Justice.

Appellees, California Products, Inc., and Charles H. Davis, hereinafter called California Products and Davis, instituted this suit against appellant, Puretex Lemon Juice, Inc., hereinafter called Puretex, seeking a declaratory judgment and also a construction of the judgment of the court in a former suit, being Cause No. 1860, in the 107th District Court of Willacy County, wherein an agreed judgment was rendered in favor of appellant and against appellees. The case was tried to a jury and, after a finding upon two special issues, judgment was rendered in favor of appellees and against appellant. Appellant presented its motion for a new trial, which was overruled, and then duly perfected this appeal.

Appellees alleged that on the 3rd day of June, 1952, the 107th District Court of Willacy County, Texas, entered a judgment, by the terms of which they were enjoined and ordered to cease and desist from marketing or selling lemon and lime juice in bottles which resemble in appearance the bottles used by appellant. They then alleged that the bottle which they proposed making and using in the future, which was only shown on a blueprint and in the form of a plastic model at the time of the trial, in no way resembled in appearance the bottle of appellant. They did not allege or offer any proof whatever that the judgment in Cause No. 1860 was in any way vague, uncertain or ambiguous in its terms, nor did they allege that said judgment, which shows on its face to be an agreed judgment, did not in fact reflect the agreement of the parties. They then alleged that they desired the advice of the court as to whether or not the bottle would violate the injunction, before proceeding

further or having the dies made in order that the bottles might be manufactured.

The following facts appear from the record:

For several years prior to the proceedings in Cause No. 1860, Puretex had been in the business of processing and selling lemon and lime juice; and had designed a bottle for use in selling its products. The bottle was made of glass in the shape of a Meyer lemon standing on end, having a small flat surface on the bottom for seating and a cap at the top. The surface of the glass was stippled to give the appearance of a lemon, when filled with juice. Puretex's trade mark thereon was duly registered. Appellee Davis formed the California Products corporation and duplicated the Puretex bottle for use in selling lemon and lime juice. Puretex then filed an infringement suit against appellees, seeking damages in the sum of $4,500 and an injunction against any future infringement. The case was settled by agreed judgment.

Since the judgment appellees have marketed their products in an ordinary common stock bottle and there has been no controversy between the parties. However, their sales steadily declined to almost fifty percent until just before filing the last proceeding. Then appellees made a plaster Paris model of a proposed bottle and submitted it to appellant, seeking an opinion as to whether it would violate the injunction, to which appellant replied that, in its opinion, it would. Appellees then submitted a second plaster Paris model and received the same reply. Then they caused a blue print to be made of a third model and made a solid plastic model thereof and submitted them to appellant with the same request. Appellant replied that it did not care to express an opinion on the model submitted, but would stand on the judgment theretofore rendered, and that if appellees, in its opinion, violated the injunction, appellant would "take the matter up with the court." Appellees then on *August 2, 1957,* filed the instant suit.

Upon the trial of this cause appellees offered in evidence the judgment in Cause No. 1860, which was an agreed judgment and ordered, adjudged and decreed that appellees be perpetually enjoined from marketing and selling lime or lemon juice in any bottles which resembled in appearance the bottle used by appellant. There was attached to said judgment the picture of appellant's bottle as shown by its registered trade mark. The judgment provided further that appellees be enjoined "from any infringement upon or violation of Registrations No. 16256 and No. 16257 in the office of the Secretary of State of the State of Texas, which said registrations are of the wording, symbols, signatures, seals, pictures and facsimiles as follows:" Then followed as part of said judgment, pictures showing the labels and wording on appellant's bottle, and certified copies of the registrations.

The court submitted the case to the jury on two special issues, as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the Plaintiff, California Products, Inc., plans to have produced from the blueprints furnished by the Owens, Illinois, Glass Company a clear glass bottle for its use as a container for its product, of like appearance to the clear plastic model introduced in evidence?"

To which the jury answered "Yes".
"Special Issue No. 2: Do you find from a preponderance of the evidence that the bottle which Plaintiff, California Products, Inc., intends to have produced for its use from the blueprints furnished by the Owens, Illinois, Glass Company if you have so found, will not so closely resemble in appearance the bottle of Defendant and its markings as to be likely to deceive a reasonably prudent buyer, exercising such ordinary care and observation as shoppers generally may be expected to use so as to mislead such buyer in-

to believing that this bottle containing plaintiff's product, in fact, contains the product manufactured and sold by Puretex Lemon Juice, Inc.?"

To which the jury answered "It will not be likely to deceive."

Thereupon the court rendered judgment and construed the former judgment as follows:

"That the terms of the agreed judgment entered by this Court on June 3, 1952, in Cause No. 1860, entitled Puretex Lemon Juice, Inc. v. California Products, Inc., and Charles H. Davis, properly construed, do not prohibit the use by Plaintiffs herein, in the marketing of lemon and lime juices, of a bottle resembling the said bottle of Defendant in any respect whatsoever, but the purport and meaning thereof is to prevent the use by Plaintiffs of a bottle so resembling in appearance that of Defendant's bottle as to be calculated to mislead and deceive the buying public, and;

"That the use by Plaintiff, California Products, Inc. of its proposed bottle, above described, in the marketing of its lemon and lime juices will not be violative of, or inconsistent with, the injunction issued by this Court in said Cause No. 1860."

Two main contentions, which are determinative of the case, are presented by appellant's points. First, appellant contends that appellees' petition for declaratory judgment and the evidence in support thereof show that appellees were seeking an advisory opinion of the court upon a hypothetical question or state of facts, not in existence and based upon future contingencies; that no real or justiciable controversy existed between the parties. Second, appellant contends that the judgment of the trial court is erroneous because the effect of the judgment is to modify and change the terms of a final judgment rendered more than five years prior

thereto, and that there is no pleading or evidence to support such construction as the court gave to the judgment in question. We agree with both of appellant's contentions.

These contentions are raised by proper points in appellant's brief, and in the trial court by exceptions to appellees' pleading, by general denial and affirmative pleadings, by motions for instructed verdict, by exceptions and objections to the court's charge, by motion to set aside the verdict and dismiss the cause, by motion for judgment non obstante veredicto, and by motion for a new trial, all of which were overruled.

■ Mr. Anderson in his work on Actions for Declaratory Judgments, 2d Ed., Vol. 1, § 9, states the rule as follows:

"The adjudicated cases are without dissent in holding that in order for the courts to entertain an action for declaratory relief, there must be a justiciable controversy; sometimes this is referred to as actual, real or bona fide controversy.

"Negatively stated, the courts do not give advisory opinions upon abstract questions, nor do they render opinions in moot cases."

Douglas Oil Co. v. State, Tex.Civ.App., 81 S.W.2d 1064, reversed on other grounds Federal Royalty Co. v. State, 128 Tex. 324, 98 S.W.2d 993; American Federation of Labor v. Mann, Tex.Civ.App., 188 S.W. 2d 276; Parks v. Francis, Tex.Civ.App., 202 S.W.2d 683. "Courts do not sit," it is held, "for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgments." McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331; Simpson v. Cotten, Tex.Civ.App., 165 S.W.2d 142, error dismissed; Insurance Inv. Corp. v. Hargrove, Tex.Civ. App., 171 S.W.2d 384, reversed on other grounds 142 Tex. 111, 176 S.W.2d 744, conformed to Tex.Civ.App., 179 S.W.2d

383; Harris County Tax Assessor-Collector v. Reed, Tex.Civ.App., 210 S.W.2d 852. See also, Southern Traffic Bureau v. Thompson, Tex.Civ.App., 232 S.W.2d 742, and McKinnon v. Lane, Tex.Civ.App., 285 S.W.2d 269.

In Southern Traffic Bureau v. Thompson, supra [232 S.W.2d 751], Justice Norvell said:

"The Uniform Declaratory Judgments Act does not provide for the giving of merely advisory opinions on the part of courts. In government this is a duty of the executive branch. In private business it is the function of the legal profession. City and County of Denver v. Lynch, 92 Colo. 102, 18 P.2d 907, 86 A.L.R. 907."

In McKinnon v. Lane, supra [285 S.W. 2d 274], the Fort Worth Court of Civil Appeals said:

"Courts may not render advisory opinions upon controversies which parties apprehend will arise but which do not presently exist. 4 Tex.Jur. Ten-Year Supplement, p. 126, sec. 9; 16 Am.Jur. p. 292 sec. 18, and p. 293, sec. 19."

See also, Hill v. Sterrett, Tex.Civ.App., 252 S.W.2d 766; 1 Tex.Jur.2d 516, § 11.

The Supreme Court of the United States in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 472, 80 L.Ed. 688, laid down the rule as follows:

"The judicial power does not extend to the determination of abstract questions. * * * Claims based merely upon 'assumed potential invasions' of rights are not enough to warrant judicial intervention. * * *

"The Act of June 14, 1934 [28 U.S. C.A. § 400] providing for declaratory judgments, does not attempt to change the essential requisites for the exercise of judicial power. By its terms, it applies to 'cases of actual controversy,'

a phrase which must be taken to connote a controversy of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts."

In 1 McDonald Texas Civil Practice p. 140, § 2.05, the rule is stated as follows:

"While the authorities are not altogether uniform, declaratory judgments have generally been refused * * *: where the facts sought to be litigated were hypothetical, presented a 'made case,' or were uncertain of occurrence; * * *." (Quoting from 16 Am.Jur. 288, citing 68 A.L.R. 113.

■ While the Uniform Declaratory Judgments Act is declared to be remedial in nature and is to be liberally construed and interpreted in order to effectuate its purpose, and while the administration of the Act rests largely in the discretion of the trial court, yet the exercise of this discretion is subject to review as other orders, judgments and decrees. Art. 2524–1, Vernon's Tex.Civ.Stats.

■ Viewing all the facts and circumstances in the light most favorable to appellees, it is evident that at the time they filed this suit no justiciable controversy existed between them and appellant, and that they are merely seeking an advisory opinion upon a hypothetical state of facts which were not in existence at the time and might never come into being. None of the proposed bottles had been used, none had been procured by them, none had been manufactured—the dies for their manufacture had not even been made. The entire plan is only evidenced by a blue print and plastic model, which amounts to nothing more than the "artist's conception" of future events. No controversy existed or was even threatened, unless their own fear of the injunction, which appellee Davis testified "speaks for itself" and which was agreed to by them without complaint as to its terms, constitutes a threat of controversy. It is upon these premises that appellees seek legal advice from the court as to the future conduct of their private business affairs. To permit this class of action, under the Uniform Declaratory Judgments Act, would subject every holder of a patent or trade mark to be sued at the will of every person who might seek to determine if a proposed project would constitute an infringement, and place upon the courts the onerous duty of having to determine such suits and give such advice. The same is true in cases of injunctions previously granted.

■ The trial court also erred in modifying the judgment in Cause No. 1860, styled Puretex Lemon Juice, Inc. v. California Products, Inc. et al. The judgment is clear and unambiguous in its terms. In clear and certain language it enjoins appellees from marketing or selling lime or lemon juice in bottles *which resemble in appearance* the bottles used by appellant. The judgment shows on its face that it was based upon an agreement of the parties. The judgment in the instant case construes that judgment to mean the use of a bottle "so resembling in appearance that of Defendant's bottle as to be calculated to mislead and deceive the buying public." Thus it is evident that the court has written a new judgment for the parties, giving it a different and more restricted meaning and effect. This is a collateral proceeding, brought more than five years after the judgment became final.

The rule with reference to the construction of a judgment is stated in 25 Tex.Jur. 459, as follows:

"§ 86. Construction of Judgment Generally.—In accordance with familiar principles a judgment is construed as it is written. If plain and unambiguous, it is not to be interpreted in the light of subsequent or prior statements or acts of the court evincing judicial intention when the judgment was rendered. Nor can a judgment be sustained or explained by

reference to the understanding of the parties, even though entered pursuant to stipulation. It must be read as an entirety, and if, taken as a whole and construed according to well-known rules, it is unambiguous, no room is left for interpretation."

The judgment of the trial court is reversed and here rendered that appellees take nothing.