**Theodore M. HOGROBROOKS, Appellant,**

v.

**Z. Jack WILLIAMS, Appellee.**

No. 16018.

Court of Civil Appeals of Texas.

Fort Worth.

May 22, 1959.

Morris Bogdanow, Houston, for appellant.

M. W. Plummer, Sr., Houston, for appellee.

BOYD, Justice.

Z. Jack Williams sued Inez Hogrobrooks and Ruby Taylor in trespass to try title to a tract of land, and for damages. Inez Hogrobrooks and Ruby Taylor had claimed the land under a will purportedly made by a former owner, Barbara E. Smith. Williams claimed the land through a deed from Barbara E. Smith. Ruby Taylor appears to have deeded any interest she may have had to Inez Hogrobrooks, and filed a disclaimer. Inez died, leaving Theodore M. Hogrobrooks as her only heir at law. He was subsequently made a party defendant. Trial was to the court and judgment was rendered for Williams. Theodore M. Hogrobrooks appeals.

No motion for a new trial was filed, and there is no statement of facts in the record.

Hogrobrooks filed a motion for continuance which was overruled, and that ruling is challenged as the only ground for reversal.

Rule 324, Texas Rules of Civil Procedure, provides, among other things, that a motion for new trial shall not be a prerequisite to appeal in a non-jury case, "But motion for new trial shall be a necessary prerequisite to consideration of the complaints mentioned in Rule 325." Rule 325 provides that "In cases of motions for continuance, * * * the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; * * * Nothing

in Rule 324 shall render a motion for new trial unnecessary in the instances mentioned in this Rule * * * ."

We think that compliance with Rule 325 is mandatory and that appellant, in failing to file a motion for new trial complaining of the overruling of his motion for continuance, acquiesced in the ruling of the trial court. Roosth & Genecov Production Co. v. Shell Oil Co., Inc., Tex.Civ. App., 175 S.W.2d 653; Insurance Inv. Corporation v. Hargrove, Tex.Civ.App., 179 S.W.2d 383.

The judgment is affirmed.