**Spencer BAIZE, Appellant,**

v.

**Bobbie BAIZE, Appellee.**

**No. 4427.**

Court of Civil Appeals of Texas, Eastland.

Nov. 13, 1970.

Rehearing Denied Dec. 4, 1970.

R. A. Hollabaugh, Andrews & Andrews, Stamford, for appellant.

Davis Scarborough, Scarborough, Black, Tarpley & Scarborough, Bob Surovik, McMahon, Smart, Sprain, Wilson & Camp, Abilene, for appellee.

WALTER, Justice.

Spencer Baize has appealed from a divorce judgment contending the court erred in failing to find that a 110 acre tract of land was his separate property. The farm was purchased by him and his wife before they separated for $38,850.00. Appellant's father gave him $3,000.00 to pay on the farm, and loaned him $16,000.00 which was returned to his father by the Federal Land Bank after the parties executed a note to the Bank. $2,121.44 of Community funds, derived from the sale of cattle, was applied on the purchase price. Approximately $20,056.00 from a trust fund which appellant claims as his separate property and some interest from the trust fund was also applied on the purchase price. Mrs. Baize testified to the effect that some of their community funds were deposited in the trust fund. However, we cannot determine from the record what percentage of it is community. The court was correct in holding the land to be in part community and in part the separate property of appellant. In Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881, the Commission of Appeals (1937) said: "It seems to be the rule in some jurisdictions that property purchased partly with community funds and partly with separate funds of one of the spouses falls into the community, but in Texas it has long been established that such an acquisition has the effect of creating a kind of tenancy in common between the separate and community estates, each owning an interest in the proportion that it supplies the consideration."

By ordering the property sold, the court impliedly held that the property was not susceptible to a division in kind. Selling the land and dividing the proceeds among the joint owners is one of the methods provided for partitioning real estate. In Lewis v. Lewis, Tex.Civ.App., 179 S.W.2d 594 (no writ history), the court said: "When real estate is partitioned among joint owners, neither party is in law divested of title, but the result is to equitably determine that a designated portion thereof belongs to each."

The court awarded appellant, as his separate property, ⅜sths of the net sale price of the farm, ordered some community debts paid and the balance to be divided ½ to appellant and ½ to appellee.

In Ingham v. Ingham, Tex.Civ App., 240 S.W.2d 409 (Mand.Overr.), the court said: "Our courts are vested with wide discretionary powers in the division of property in suits for divorce. In the absence of abuse of such discretionary powers, the trial court may divide the property, separate or community, in such a way as will seem right, just and proper to the court. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305." We find that appellant has not discharged his burden of establishing that the court abused his discretion in the division of the property.

Appellant presents eighteen points of error. Six of these points do not cite any authorities in support thereof and we have been unable to find any. They are overruled. St. Paul Mercury Insurance Company v. Sugarland Industries, Inc., Tex. Civ.App., 406 S.W.2d 778 (Writ Ref. n. r. e.).

Atlas Life Insurance Company filed its interpleader petition in which it alleges that it wrote a policy on the life of appellant which had a cash surrender value of $2,-732.30; that it received a claim from appellant for its cash surrender value and one from the appellee and one from the Hamlin Bank and prayed that the court determine the ownership and interest of each of the parties.

Appellant contends this is not an interpleader suit because the policy shows the owner to be the appellant and therefore there was no controversy as to its owner or who was entitled to the proceeds. He also contends there is no evidence as to the

reasonableness of the attorney's fees awarded to Atlas' attorney. We hold that Atlas is an innocent stakeholder in which three parties were claiming the funds. United States of America v. Ray Thomas Gravel Company, 380 S.W.2d 576 (Tex. Sup.Ct.1964). However, we sustain appellant's points asserting there was no evidence in the record upon which an attorney's fee could be based. The Supreme Court in Great American Reserve Insurance Company v. Britton, 406 S.W.2d 901 (1966), speaking through Chief Justice Calvert said: "The plaintiff offered no proof of any kind of * * * 'the reasonableness of attorney's fees in an insurance case is a question of fact to be determined and must be supported by competent evidence and may be submitted to a jury.' Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145, 1146 (1936). See also Trevino v. American National Ins. Co., 140 Tex. 500, 168 S.W.2d 656, 660 (1943). Mercury Life Ins. Co. v. Mata, Tex.Civ.App., 310 S.W.2d 130 (1958), writ ref., does not hold to the contrary. The judgment must be reversed in so far as it awards recovery of $4,000.00 as attorney fees." Also see Schecter v. Folsom, Tex.Civ.App., 417 S.W.2d 180, and Rhoades v. Miller, Tex.Civ.App., 414 S.W. 2d 942. The claim for attorney's fees is severable and it is ordered severed, and it is remanded to the trial court for a new trial. George Linskie Co. v. Miller-Picking Corp., Tex.Civ.App., 456 S.W.2d 519 (no writ hist.). The other points relating to the Atlas policy have been considered and are overruled.

In one group of points appellant contends the court erred in not allowing specified visitation rights, in setting the child support payments at $300.00 per month, and in not providing for a reduction in child support payments when the children lived with him.

■ One of the children was born July 16, 1955, and the other was born July 7, 1958. Article 4639a requires the court to "make such orders regarding the custody and support of each child or children, as is for the best interest of same." Said article also provides that: "The court may by judgment order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the support of such child or children * * *." We hold that the record shows that the court's orders are for the best interest of the children and the support payments are reasonable.

We have considered all of appellant's points. The judgment awarding attorney's fees to Atlas Life Insurance Company is severed and reversed and remanded for a new trial on the reasonableness of the attorney's fees. In all other respects, the judgment is affirmed.