**INTERNATIONAL SECURITY LIFE IN-SURANCE CO., Appellant,**

v.

**Luther W. HARRIS et ux., Appellees.**

**No. 8088.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 8, 1970.

Rehearing Denied Dec. 29, 1970.

---

A. J. Bryan and Frank H. Pope, Jr., Fort Worth, for appellant.

Kirby, Ratliff & Sansom and Ted L. Sansom, Littlefield, for appellees.

DENTON, Chief Justice.

Suit was brought by Luther Harris against International Security Life Insurance Co., to recover indemnities for medical and hospital expenses under a policy of hospitalization insurance issued by defendant below. The trial court, without a jury, rendered judgment for plaintiffs for the sum of $971.75 as benefits under the policy, plus 12 percent statutory penalty and $500.00 attorney's fees.

█ Appellant first challenges the award of statutory penalty and attorney's fees on the ground plaintiffs failed to show demand for payment as required by Article 3.62 of the Texas Insurance Code, V.A.T.S. The plaintiffs' proof of loss was answered by the defendant by letter denying liability on the ground the hospitalization was primarily for a physical examination and for treatment of a pre-existing disease originating prior to the effective date of the policy. The defendant is not in a position to assert no demand for payment was made, when it treated the proof of loss as a demand for payment. National Life and Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245; Old National Ins. Co. v. Johnson (Tex.Civ.App.) 312 S.W.2d 715; International Security Life Ins.

Co. v. Ramage (Tex.Civ.App.) 446 S.W.2d 944 (ref.n.r.e.).

Next appellant contends the trial court erred in quashing appellant's subpoena duces tecum for the records of the South Plains Hospital-Clinic, Amhurst, Texas; and in overruling appellant's motion for continuance contending it deprived appellant of material evidence.

█ The subpoena, served three days prior to the date the case was set for trial, sought to require the treating doctor to bring "all the records on the history of each patient admitted to the South Plains Hospital-Clinic, Amhurst, Texas, and all of the admission records of each patient admitted" to the said hospital. The trial court, on its own motion, quashed the subpoena. Appellant sought all the hospital records for the stated purpose of cross examining the statements in the deposition of the treating doctor that the hospital was a "legally constituted hospital" in accordance with the terms of the insurance policy sued upon. The subpoena shows on its face to be highly unreasonable. To require a staff physician to bring all medical records for all patients ever admitted by a hospital would impose an unreasonable burden. In addition, it has not been shown that these records had any relevance. We are therefore unable to say the trial court abused its discretion by quashing the subpoena. McGregor v. Gordon (Tex.Civ.App.) 442 S.W.2d 751 (ref. n.r.e). Robertson v. Southwestern Bell Telephone Co. (Tex.Civ.App.) 403 S.W.2d 459. Rule 177a, Texas Rules of Civil Procedure.

█ Appellant next complains of the trial court overruling its motion for continuance. Appellant filed no motion for new trial in this case. Where no motion for new trial was filed, order overruling motion for continuance will be considered as acquiesced in. Rule 325, T.R.C.P. Watson v. Godwin (Tex.Civ.App.) 425 S.W.2d 424 (ref.n.r.e.); Insurance Inv. Corp. v. Hargrove (Tex.Civ.App.) 179 S.W.2d 383.

Finding no reversible error, the judgment of the trial court is affirmed.