**Clarence R. LINDSEY, Appellant,**

v.

**Velma Maxine LINDSEY, Appellee.**

**No. 12647.**

Court of Civil Appeals of Texas, Austin.

March 8, 1978.

Dale E. Muller, Austin, for appellant.

Rip Collins, Kuhn, Collins & Rash, Austin, for appellee.

O'QUINN, Justice.

Clarence R. Lindsey, respondent below, brings this appeal from judgment of the

trial court ordering sale of certain property in a divorce proceeding and ordering payment of $60,000 to Velma Maxine Lindsey, petitioner below, out of the proceeds from sale of the property. Appellant makes no complaint "about the decree of divorce or division of the other community property."

The trial court found "that Petitioner invested $60,000.00 of her separate property into the property . . . [ordered sold]." The court directed " . . . that upon the sale of the property . . . Petitioner is to receive $60,000.00." Appellant relies upon nine points of error, directed in the main at division of property. We will overrule all points of error and affirm judgment of the trial court.

Appellant contends that reimbursement for contributed separate property was improperly awarded because the pleadings did not support the judgment and no pleadings supported testimony introduced as to separate property.

In her petition for divorce appellee alleged that "During the marriage, certain community property has been accumulated by the parties. Petitioner believes the parties will be able to enter into an agreement respecting the property of the parties. If so, the agreement will be presented for approval by the Court."

In asking grant of a temporary restraining order, petitioner included restraint of respondent from "Selling, transferring, assigning, mortgaging, encumbering or in any manner alienating any of the parties; [sic] property, *whether personalty or realty, separate or community* . . . " (Emphasis supplied).

Petitioner prayed for divorce, change of name, restraining order, and "for general relief."

Division of property in a divorce action is made pursuant to authority of Section 3.63 of the Texas Family Code, which provides that " . . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." The earliest

forebear of this statute was Section 5 of an Act "Concerning Divorce and Alimony," enacted by Congress of the Republic of Texas in 1841. 2 Gammel, *Laws of Texas* 483, 484, Sec. 4 (1841). The provisions found in the present law have remained essentially unchanged since 1841 and have been construed by many Texas courts.

■ With respect to pleadings under the statute, the rule is settled that the trial court has authority to construe the pleadings more liberally than in other civil cases. *Fain v. Fain*, 6 S.W.2d 403, 406 (Tex.Civ. App. Galveston 1928, writ dism'd); *Bagby v. Bagby*, 186 S.W.2d 702, 704–5 (Tex.Civ. App. Amarillo 1945, no writ), and cases cited by those courts.

■ Article 3.63 is mandatory in its provisions, and the trial court is required to decree a division of the property. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21, 23 (1923); *Hailey v. Hailey*, 160 Tex. 372, 331 S.W.2d 299, 302–3 (1960); *Ex Parte Scott*, 133 Tex. 1, 123 S.W.2d 306, 313 (1939). In making division of the property under the statute, the trial court is not required to make an equal division, and the court is " . . . controlled by what the facts may lead him to believe is just and right." *Ex Parte Scott, supra; Waggener v. Waggener*, 460 S.W.2d 251, 253 (Tex.Civ.App. Dallas 1970, no writ); *Baize v. Baize*, 460 S.W.2d 255, 256 (Tex.Civ.App. Eastland 1970, no writ); *Zaruba v. Zaruba*, 498 S.W.2d 695, 698–99 (Tex.Civ.App. Corpus Christi 1973, writ dism'd); *Schreiner v. Schreiner*, 502 S.W.2d 840, 846 (Tex.Civ. App. San Antonio 1973, writ dism'd).

■ We conclude that petitioner's allegations were sufficient to support introduction of evidence as to the character and nature of all property of the estate, both community and separate, and under the pleadings the trial court was required to partition the property. The record does not show that respondent below excepted to pleadings of the petition, which adequately brought to the attention of the court both community and separate property. The discretion lodged in the court authorized the

court to hear evidence relating to all property of the estate. *Zaruba v. Zaruba, supra; Cox v. Cox*, 439 S.W.2d 862, 865 (Tex. Civ.App. San Antonio 1969, no writ).

Appellant complains that it was error to award reimbursement for separate property contributed because the separate was so commingled with community as to lose its separate identity; and, further, that division of the property was so disproportionate as to be improper.

■ A presumption is established by Article 5.02, Texas Family Code, that property possessed by either spouse during or upon dissolution of the marriage is regarded as community property. The presumption is rebuttable, with the burden on the one asserting a claim as to separate property to prove the contrary of the presumption by the satisfactory evidence. The burden is not discharged and the presumption prevails if the separate and community property have been so commingled as to defy resegregation and identification. *Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex.Sup.1965).

■ At the trial, Mrs. Lindsey was able to show the court the exact amount of her separate funds, all of which she acquired from her former husband, of a prior marriage, by way of property settlement. In 1973 she received $26,439.79 and in 1974 such separate funds amounted to $31,425.16. Subsequently other sums were received by Mrs. Lindsey from dividends and additional payments from the settlement. All such funds were deposited in a joint bank account, full records of which were before the trial court.

All investments in real estate by the Lindseys, Mrs. Lindsey testified, came solely from the account consisting of her separate funds. The investment sums were accounted for from records in the same manner the deposits were shown to the court. Thus appellee met the burden of tracing her separate property as it was received and as it was invested in community realty. The separate funds did not lose their identity, although separate and community property were commingled, since

the trial court was able from the evidence to determine accurately the interest of each estate. *Edsall v. Edsall*, 240 S.W.2d 424 (Tex.Civ.App. Eastland 1951, no writ); *In Matter of Marriage of Tandy*, 532 S.W.2d 714, 717 (Tex.Civ.App. Amarillo 1976, no writ); *Baize v. Baize, supra.*

■ Under provisions of Section 3.63 of the Family Code, the trial court is not required to divide property of a marriage equally between the spouses in a judgment of divorce. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). Broad discretion is vested in the trial court in effecting division of the property, and that discretion will not be disturbed on appeal unless it be shown that the court abused its discretion. *Bell v. Bell*, 513 S.W.2d 20 (Tex.Sup.1974); *Dickson v. Dickson*, 544 S.W.2d 200 (Tex. Civ.App. Austin 1976, writ dism'd w. o. j.). After the requirements of tracing have been met, as in this case, the trial court does not abuse its discretion in awarding one spouse a share reflecting the amount of separate property brought into the marriage. *Edsall v. Edsall, supra.* When both community and separate funds have been applied to the purchase price of land, the land so acquired is in part community and in part separate property, in so far as division of the property is concerned in a suit for divorce. *Baize v. Baize, supra.*

Appellant's points attacking award of reimbursement to appellee and complaining of disproportionate division of the estate are overruled.

Appellant urges error in allowing appellee to file a trial amendment setting out more fully her claims of separate property. The record shows that although filed, subsequent to trial but prior to final judgment, the amendment was not acted on by the court, so not granted.

■ Further complaint is made by appellant that the trial court refused to grant a continuance which appellant filed subsequent to trial but before entry of final judgment. This claim of error was not preserved in motion for new trial under Rule 325, Texas Rules of Civil Procedure.

It is considered that appellant acquiesced in the court's refusal to grant a continuance. *International Security Life Insurance Co. v. Harris,* 461 S.W.2d 222 (Tex.Civ.App. Amarillo 1970, writ dism'd).

Under two points appellant urges error in admission of parol evidence concerning purchases of real estate and income accruing from separate property, on ground of violating the best evidence rule. The deeds, promissory note, and other documentary proof appellant insists should have been offered in evidence did not form the foundation of the cause of action or defense against the action, and admission of parol evidence as to payments, transactions, income received, and other matters relating to tracing of the separate property did not contravene the best evidence rule, which in this case was inapplicable. *Freeman v. Commercial Union Assurance Co.,* 317 S.W.2d 563 (Tex.Civ.App. Texarkana 1958, writ ref'd n. r. e.); 2 McCormick and Ray, *Texas Law of Evidence,* sec. 1567 (2d ed. 1956). The best evidence rule is administrative, and the trial court's action in exercise of its discretion should not be disturbed except upon showing of grave abuse. McCormick and Ray, *supra.* Appellant's points seeking to invoke the best evidence rule are overruled.

The final point brought by appellant is directed at action of the trial court in granting appellee change of her name to Velma Maxine McDonald. Appellant complains that, although specially pleaded, no evidence was offered to support change of name in the judgment.

This point is overruled under authority of Section 32.24, Family Code, vesting in the trial court discretion to change the name of either party specially praying for the change in a divorce action:

"On *final disposition of a suit for divorce* . . . the court, *in its discretion,* may enter a decree changing the name of *either party specially praying* for the change." (Emphasis added).

We find no showing that the trial judge abused the discretion accorded the court by the statute.

The judgment of the trial court is affirmed.