## A. W. McNeill v. Floyd Hubert.

No. 5397.   Decided January 29, 1930.
(23 S. W., 2d Series, 331.)

*Walter M. Van Nort,* for appellant, cited:   Ricker v. Shoemaker, 81 Texas, 22, 16 S. W., 645; Austin v. Cameron, 18 S. W., 437; Stewart v. Nichols & Haralson, 82 S. W., 339; Connor v. Saunders, 81 Texas, 633, 17 S. W., 236.

We submit that the reasoning of the Dallas Court of Civil Appeals in the case of Old v. Clark, opinion by Chief Justice Jones, 271 S. W., 183, Syllabus 5 on page 185, is a sound construction of the law involved here.

*Ernest May,* for appellee.

Suit is based upon a trespass within subdivision 9, Article 1995, Revised Civil Statutes, and therefore venue of said suit lies in Tarrant County, where the alleged trespass was committed. Article 1995, R. C. S., Subdivision 9; Campbell v. Trimble, 75 Texas, 270, 12 S. W., 1862; Hill v. Kimball, 13 S. W., 59; Camp v. Wiley, 212 S. W., 980; Winslow v. Gentry, 154 S. W., 260, 274 S. W., 162; Texas Hardwood Company v. Moore, 235 S. W., 630; Old v. Clark, 271 S. W., 183; Vaught v. Jones, 8 S. W., (2d) 800.

This being a suit founded upon trespass within the meaning of Subdivision 9, Article 1995, it was not necessary for appellee to do more than to establish that the transaction alleged to constitute a trespass actually occurred in Tarrant County. The entire basis of appellant's cause of action being negligence, the law does not require that upon a hearing of a plea of privilege, the negligence be proved, but requires merely that appellee establish that he has a bona fide cause of action, arising in the county where suit is brought. Jones v. Boyd, 286 S. W., 1006; Pope v. Ray, 244 S. W., 1032; McKee v. McKee, 12 S. W., (2d) 849; Richardson v. D. S. Cage Co., 113 Texas, 152, 252 S. W., 747; First National Bank v. Childs, 231 S. W., 807.

Mr. Judge LEDDY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Second Supreme Judicial District presents the following statement and questions:

"On January 21, 1928, the appellee Floyd Hubert, a resident citizen of Tarrant County, instituted this suit against A. W. McNeill, the appellant, a resident citizen of Dallas County. The plaintiff alleged that on or about the 19th day of December, 1927, he was the owner of a certain Chevrolet coupe automobile, and on the morning of that day he was driving his automobile within the city of Fort Worth in a southerly direction, and on reaching the intersection of the White Settlement Road with Burleson Street, through no fault or negligence on his part, collided with a certain Indiana Truck owned by McNeill, then being driven by one of the defendant's employees in the course of the defendant's business. It was alleged that the defendant's employee was operating his truck recklessly, at a rate of speed greater than that allowed by law, and that he negligently failed to keep a proper lookout for automobiles on said street intersection; that his negligent operation of the truck in such reckless driving and in his failure to yield to plaintiff the right of

way, and in his failure to keep a proper lookout, proximately caused said collision, which resulted in damaging plaintiff's coupe in the sum of $350, for which he prayed recovery.

"In due form the defendant McNeill seasonably filed a plea of privilege, alleging that he was at all times involved a resident citizen in Dallas County, and that no exception to exclusive venue in the county of one's residence existed in said cause, etc.

"In answer to the plea of privilege, the plaintiff Hubert filed on February 10, 1928, his controverting affidavit in which he adopted and made a part thereof the allegations of fact contained in his original petition and alleged that his cause of action was based upon a 'trespass committed in Tarrant County,' and that therefore the venue of the suit had been properly laid. On April 21, 1928, the issue formed by the plea of privilege and the controverting affidavit was tried by the court and the plea of privilege was overruled, to which order the defendant McNeill excepted and duly prosecuted an appeal from the order to this court; the transcript of the proceedings being filed in this court on July 13, 1928.

"Upon the day set for the submission of the cause, a motion in behalf of appellee to dismiss the appeal was presented and submitted. The motion was based upon a supplemental transcript showing that subsequent to the appeal and subsequent to the filing of the transcript in this court July 13, 1928, Hubert, the plaintiff below, took a non-suit and secured a formal order of the dismissal of his cause. It was insisted by appellee that the main cause below having been dismissed, the question involved in the appeal from the order overruling the plea of privilege had become moot in that it had been reduced to the status of an abstract question of law which did not require the consideration of this court.

"Upon the reasoning and authorities presented in our original opinion in this case, which will be transmitted herewith and which it is thought to be unnecessary to embody herein, the majority of this court held that the issue presented by the plea of privilege and the controverting affidavit involved a substantial right of the appellant McNeill, and that the judgment of the court below was final upon that issue and appealable to this court, and that the question was not merely abstract or moot, as was contended in behalf of the appellee Hubert, and that we had jurisdiction to pass upon the merits of the appeal and accordingly overruled the motion and proceeded to determine the appeal upon its merits.

"Upon consideration of the merits the record disclosed that the only evidence offered and submitted to the court below on the hearing of the plea of privilege and controverting affidavit was the following agreement entered into by and between counsel for plaintiff and the defendant, towit:

" 'It is agreed by and between the parties to this cause for the purpose of the plea of privilege and the hearing thereon that on the 19th day of December, 1927, there was a collision between a Chevrolet coupe driven and owned by the plaintiff and an Indiana truck owned by the defendant and driven by one of his employees in the course of his business at that time; that this collision occurred on the said date in Tarrant County, Texas; all questions of negligence are specifically reserved from this agreement.'

"This being the only evidence, the majority, as is disclosed by our original opinion, held that it was insufficient to support the order overruling the plea, and accordingly reversed the order and remanded the case with directions to the trial court to transfer the cause to the proper court of Dallas County, in the event appellee should institute a new suit in Tarrant County on the same cause of action or procure a reinstatement of the suit dismissed.

"Mr. Associate Justice Buck dissented, as will appear from his dissenting opinion herewith transmitted, to the conclusions of the majority, giving as his opinion that the issues involved and determined in the plea presented by the plea of privilege and the controverting affidavit were moot, and that the appellee's motion to dismiss the appeal should have been granted without prejudice to the right of the defendant below, in case the suit should be refiled or reinstated to again urge a plea to be sued in Dallas County.

"Appellee Hubert has seasonably filed a motion for rehearing which is now pending before us. He further urges by motion that under the authority of Article 1852, Revised Statutes of 1925, that the points involved in the dissent noted be certified to your court.

"It is accordingly deemed advisable to certify to your Honors for determination the following questions:

"1. Did the non-suit of appellee Hubert, taken by the appellee in the court below at the time and under the circumstances above detailed, render the issues involved in appellant's plea of privilege and appellee's controverting affidavit moot in the sense that this court was without jurisdiction to pass upon the appeal from the order overruling the plea?

"2. Did the majority err in overruling the motion to dismiss the appeal and likewise in reversing the judgment of the trial court overruling the plea of privilege and in here rendering judgment sustaining that plea?"

If the action of the trial court in permitting appellee to take a nonsuit and in dismissing his case was void, the case remained on the docket and the question involved in the appeal from the order overruling the plea of privilege is not a moot one. On the other hand, if the trial court was authorized to enter the judgment of dismissal at appellee's request, the existing controversy between the parties was thereby disposed of and nothing left upon which the judgment of the Court of Civil Appeals could operate.

Inasmuch as the power of the trial court to try the case on its merits was not suspended during the pendency of the appeal from the order overruling the plea of privilege (Allen v. Woodward, 111 Texas, 457, 22 A. L. R., 1253, 239 S. W., 602), it necessarily possessed authority to permit a nonsuit at the instance of the appellee. To determine otherwise would clothe the trial court with authority to force appellee to try the suit instituted by him, notwithstanding his insistence that he no longer desired to prosecute the same. He would thus be denied the benefits of the provisions of Article 2182, R. S. 1925, which extends the beneficent privilege to a plaintiff to take a nonsuit at any time before the jury has retired or before the decision is announced when tried by the court. Appellant having filed no answer seeking affirmative relief when appellee appeared in the trial court and asked that the suit instituted by him be dismissed, he fully complied with the provisions of the statute and was entitled to its benefits.

It having been made to appear in the Court of Civil Appeals that the cause in which the ruling on the plea of privilege was entered was no longer pending, the questions involved on such appeal necessarily become moot, as there is nothing upon which the judgment of the Court of Civil Appeals could effectively operate. If it should reverse the ruling of the trial court, its judgment would be to order the cause transferred to the county court of Dallas County. Such an order would be futile and ineffective as there would be no pending case which could be transferred.

A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon

a then existing controversy. City of Dallas v. Rutledge, 258 S. W., 537; Adams v. Union R. Co., 42 Atl., 517, 21 R. I., 134, 44 L. R. A., 273; State v. Dolley, 82 Kan., 533, 108 Pac., 846. Courts do not sit for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgments. Ex Parte Steele, 162 Fed., 694.

As long as appellee was in the attitude of prosecuting a suit against appellant in Tarrant County the question as to whether appellant was entitled to have such case tried in the county. of his residence was one which he was privileged to have determined by the court, but, when such suit was abandoned, the question as to the proper forum for such a suit becomes purely an abstract one which an appellate court should decline to determine.

The first question certified should be answered in the affirmative, which renders it unnecessary that the remaining question be answered.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.