## CLYMORE CO., Inc., et al. v. RAILROAD COMMISSION OF TEXAS et al.
### No. 8342.

Court of Civil Appeals of Texas. Austin.
Sept. 30, 1935.

B. D. Tarlton, of Corpus Christi, and Harrell & Allison, of Breckenridge, for appellants.

Wm. McCraw, Atty. Gen., and Harry S. Pollard and Archie D. Gray, Asst. Attys. Gen., for appellees.

McCLENDON, Chief Justice.

Appeal from an interlocutory order, enjoining appellants upon petition of appellees (Railroad Commission and its members), during the pendency of the suit and until further order of the court, "from producing gas and from stripping gas and blowing said gas or the residue thereof into the air, from the five producing gas wells" located in Refugio county, in alleged violation of the state's conservation laws and rules of the commission passed thereunder.

The action was brought and the temporary injunction proceeding was heard and determined under R. S. art. 6008, as amended by chapter 88, § 1, p. 229, Acts of 43d Leg., 1933, 1st Called Sess., and rules of the commission passed thereunder.

May 1, 1935, subsequently to the order appealed from, chapter 120, p. 318, Acts 44th Leg., 1935 (Vernon's Ann. Civ. St. art. 6008), became effective; and by supplemental brief appellants suggest that the questions involved in the appeal have become moot.

We have reached the conclusion that this suggestion is correct.

Chapter 120 (above), which is amendatory of article 6008 as theretofore amended, is a comprehensive statute governing production and conservation of natural gas. The injunction was sought and obtained upon the theory that the wells in question were "producing natural gas only" within the meaning of article 6008 as amended in 1933. The article did not purport to define such wells, and the controversy in the main revolved upon whether in fact the wells were of such character. Chapter 120, with much particularity, defines the various characters of wells producing gas in whole or in part, prescribes what may and what may not be done with reference to each class of wells, and confers upon the commission various specific powers, as well as general powers, to pass rules and regulations to effectuate the objectives of the act. Other provisions of the act need not be adverted to here.

It is quite manifest that chapter 120 has superseded prior amendments to article 6008, and has prescribed definitions, standards, and criteria which in many respects are essentially different from those prescribed or involved in the 1933 amendment. Whether these differences call for a different holding in the instant appeal depends both upon a proper construction

of chapter 120 and factual issues applying such construction to the wells in question. We cannot in this proceeding, upon the record made in a hearing involving only the 1933 amendment, determine those issues; but are confined to the issues presented by the record as applied to the 1933 amendment. That amendment having been superseded by chapter 120, and the temporary injunction being predicated upon the violation of the 1933 amendment, the case, as presented in this appeal, has become moot. This holding is clearly ruled by that in Danciger Oil & Ref. Co. v. R. R. Comm., 122 Tex. 243, 56 S.W.(2d) 1075.

Upon the authority of that case, the order appealed from and all ancillary orders of this court are set aside, the temporary injunction is dissolved, and the cause remanded to the trial court. All, however, without prejudice to the substantial rights of any party to the litigation in any further prosecution thereof either in this or any other proceeding. Costs of appeal will be taxed against appellants.

Orders of this court set aside; temporary injunction dissolved; cause remanded.