**BEVIL et al. v. WILFERT et al.**

No. 4768.

Court of Civil Appeals of Texas.
Beaumont.

June 27, 1951.

Geo. M. Sonfield, John L. Bell, Beaumont, for appellant.

J. B. Morris, LeRoy McCall, Beaumont, for appellee.

PER CURIAM.

This is an appeal from a judgment of the District Court of Jefferson County denying a Writ of Mandamus sought by the appellants as plaintiffs against the appellees as defendants.

Prior to the year 1943 and up to and including the date of this controversy, the appellee Wilfert was the holder of a permit from the Board of Water Engineers of the State of Texas, authorizing the appropriation by him from Taylor's Bayou in Jefferson County of a portion of the public waters of the State of Texas for the irrigation of certain lands designated on the permit, as amended in 1942, included therein being 175 acres of land owned by the appellants. Pursuant to such permit appellee Wilfert furnished water for the irrigation of lands of the appellants for the growing of rice. The permit authorized the appropriation of 1500 acre-feet of water annually for approximately 2990 acres of land capable of being irrigated, with the restriction that no more than 1,000 acres of such land should be irrigated in any one year.

The appellee Wilfert provided water for the land of the appellants during each of the years 1943, 1945, 1947 and 1949. He declined to provide water for 225 acres of the lands of the appellants, including the 175 acres in the permit, for 1951. The appellants brought suit to compel appellee Wilfert and his tenants by mandamus to provide water for the year 1951. The trial court denied all relief sought. The suit was filed on March 28, 1951. Trial was begun on the 19th day of April 1951 and judgment entered on April 26, 1951. The transcript of proceedings was filed in this court on May 17, 1951, the cause was advanced for submission on motion of the appellants and was submitted on June 14, 1951.

We have concluded that the controversy has become moot, in practical effect.

It was held in McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331, that a cause becomes moot when one "seeks judgment upon some matter which, when rendered,

for any reason, cannot have any practical legal effect upon a then existing controversy."

This cause proceeded to trial on April 19, 1951 and during the trial the following testimony was given by the defendant William Neu, while under the examination of appellants' counsel: "Q. If rice is to be successfully farmed in that area this year, the work will have to be done right away, the water furnished within the next thirty days, isn't that true? A. How is that? I don't hear well in one ear. Q. Read it please. (The question is read.) A. Sure, it is true. Mr. Bell: That is all."

More than 60 days, instead of the 30 days testified to by Mr. Neu, have elapsed since the date that testimony was given, and according to the testimony quoted the time has gone by for planting rice. This cause is appealable to the Supreme Court and under Rules of Civil Procedure, Rule 458, the losing party would have a right to file a motion for re-hearing within a period not to exceed 15 days from the date on which our opinion may be filed. The cultivation of rice is widespread throughout this part of the Gulf Coast country and under Gill v. Hudspeth County Con. and Rec. Dist. No. 1, Tex.Civ.App., 88 S.W.2d 517 (Hn. 1), we are authorized to take judicial notice of the expiration of the time for planting a rice crop in this area and we judicially know that the proper time for planting rice and beginning its watering will have expired at least by the time a motion for rehearing could be filed in this court.

The facts justify the application of the rule quoted from McNeill v. Hubert, supra. Under International Association of Machinists v. Federated Association of Accessory Workers, 133 Tex. 624, 130 S.W. 2d 282, the judgment of the trial court must be set aside and the cause must be dismissed, since the case has become moot.

The judgment of the trial court is accordingly reversed and judgment is hereby rendered dismissing the cause. The costs of the appeal will be assessed against the appellants.