Jim Billy STINSON, Appellant,

v.

Barbara Jo MOORE et vir, Appellees.

No. 6840.

Court of Civil Appeals of Texas.

Beaumont.

March 23, 1966.

Kenneth D. Furlow, Beaumont, for appellant.

Lefler, Walker & Lefler, Beaumont, for appellees.

HIGHTOWER, Chief Justice.

This opinion involves the right of appellees to have this court dismiss the appeal of appellant from an order of the district court overruling said appellant's plea of privilege to be sued in the county of his residence.

The court below granted appellees' motion for non-suit after presentation to it of the following motion, which motion fully sets out the pertinent facts and history of the case:

"* * *

"Comes now BARBARA JO MOORE, joined herein by her husband, CHARLES E. MOORE, Plaintiffs in the above styled and numbered cause, and moves this honorable Court for a non-suit and in connection therewith would respectfully show unto the Court as follows:

"Plaintiffs would show unto the Court that Plaintiffs instituted this suit against Defendant, JIM BILLY STINSON, that the Defendant has not filed any cross-action against these Plaintiffs and is not seeking any affirmative relief against these Plaintiffs; that Defendant JIM BILLY STINSON, has heretofore filed herein his Plea of Privilege in this cause to have the cause transferred to Hardin County, Texas, that upon hearing of said Plea of Privilege same was overruled and an order overruling said Plea of Privilege was duly entered herein.

"Thereafter said Plea of Privilege was overruled and order overruling said Plea of Privilege was duly entered herein, the Defendant JIM BILLY STINSON, gave notice of appeal to the Court of Civil Appeals for the 9th Supreme Judicial

District of Texas, and proceeded to perfect his appeal from the order overruling said Plea of Privilege and said cause on said appeal is now pending before the Court of Civil Appeals for the 9th Supreme Judicial District of Texas, however, said Court has not acted on said appeal.

"Plaintiffs, BARBARA JO MOORE and her husband, CHARLES E. MOORE, do not desire to prosecute this suit any further and herewith move the Court for a non-suit. * * *"

In this case the appeal is from an order overruling appellant's plea and the trial court retained jurisdiction of the case on the merits pending the appeal from the order overruling the plea of privilege. It, therefore, possessed authority to permit appellees to take a non-suit at their own cost. Non-suit having been taken, the merits of appellant's appeal from the order overruling his plea of privilege has become moot. McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331 (1930).

Appellees' motion to dismiss said appeal is, therefore, granted at their cost.

Appeal dismissed without prejudice.