**BRAZORIA COUNTY et al., Appellants,**

v.

**Perry McNEILL et al., Appellees.**

**No. 638.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 26, 1972.

Mary Joe Carroll, Martin Harris, Edward Clark, Clark, Thomas, Harris, Denius & Winters, Austin, for appellants.

Leland B. Kee, Cleveland Davis, Davis & Kee, Angleton, for appellees.

TUNKS, Chief Justice.

In 1970, the Commissioners' Court of Brazoria County, Texas concluded that there existed a need for revaluation of the about 100,000 tracts of real property in that county as a basis for revision of its tax rolls. A firm of tax consultants was employed to assist in such revaluation. Because of the enormity of the task involved the tax consultants were not able to finish their reappraisal in time for the county, using the new appraisals, to comply with the various statutory dates in the preparation and approval of the tax rolls for 1971. For example the Commissioners' Court did not and could not commence sitting as a Board of Equalization until October 5, 1971, despite the provision of Vernon's Tex.Rev.Civ.Stat.Ann. art. 7206 that such Board convene on the second Monday in May. On November 22, 1971, the Board was still sitting and had not yet approved the tax rolls.

On November 22, 1971, Perry McNeill, J. P. Bryan and wife, Betty Bryan and Asa Giesecke filed this suit in the 149th District Court of Brazoria County, against Brazoria County, the members of the Brazoria County Commissioners' Court and Board of Equalization, and against the Brazoria County Tax Assessor-Collector. The plaintiffs sued as individual taxpayers and, by class-action, as the representatives of other taxpayers. The essential basis of their suit is the following pleading:

"(c) Said Defendants have pursued and are pursuing a fundamentally erroneous, illegal and void scheme and plan and are threatening to adopt such fundamentally erroneous, illegal and void scheme and plan in connection with the fixing of taxable valuation and levying and assessing ad valorem taxes for Brazoria County for 1971, as herein more fully stated."

By their petition the plaintiffs asked the court to issue an ex parte restraining order, a temporary injunction and a permanent injunction against the adoption of the proposed plan of taxation. They also

asked for a mandatory order directing the defendants to adopt a tax plan for the year 1971 substantially the same as that used for the year 1970.

On the day that the petition was filed the trial judge granted the ex parte restraining order and set the hearing on the temporary injunction for November 30, 1971. After the hearing on the temporary injunction had begun all parties agreed that the court might proceed to hear the case on the merits without further delay. After such trial, on December 9, 1971, the court rendered judgment, in substance, directing the Tax Assessor-Collector to prepare and present tax statements for the year 1971 to all persons owning taxable property by using the 1970 rate and the 1971 rendered values as to all property rendered for taxation for 1971 and the 1971 assessed value as to all unrendered property. The defendants, Brazoria County and the members of the Commissioners' Court and Board of Equalization, have appealed. The Tax Assessor-Collector did not appeal.

■ The appellees have filed a motion to dismiss this appeal. Their basic premise is that the trial court's judgment has been fully executed so that the entertaining of an appeal would be futile. There are exhibits attached to their motion showing that on January 18, 1972, the Commissioners' Court adopted a budget for 1972, fixing therein the taxable valuation of all property in the county, with said budget being based on the tax rate directed by the trial court's judgment. There is also attached an affidavit of the Tax Assessor-Collector showing that tax statements conforming to the trial court's judgment had been prepared and mailed and that more than 50% of the year's taxes had been collected. The county is irretrievably committed to a tax program for 1971 conforming to the trial court's judgment. That judgment did not affect the county's tax program for 1972 or subsequent years. Thus it appears that the controversy between the parties to this appeal has become moot since no effective relief could be given appellants. McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331 (Tex.Com.App. 1930, opinion adopted); Bevil v. Wilfert, 241 S.W.2d 195 (Tex.Civ.App., Beaumont 1951, no writ). In determining this fact it is proper that this Court consider the extraneous evidence presented in support of appellees' motion to dismiss the appeal. Hammer v. City of Dallas, 273 S.W.2d 646 (Tex.Civ.App., Dallas 1954, no writ); 4 Tex.Jur.2d, Appeal and Error—Civil sec. 704.

The appellees in their motion ask that this Court simply dismiss the appeal and leave effective the trial court's judgment. On oral argument they were unable to suggest any benefit that they would gain from leaving the trial court's judgment in effect. If it were true that they could gain any benefit from that judgment in addition to those irrevocable benefits which they have already had, then the case would not be moot. The appellants would have the right to contest by this appeal the appellees' rights to such possible additional benefits. The appellants, while not conceding that the case is moot, contend that if the appeal is to be dismissed then the entire case should be dismissed and the trial court's judgment set aside. That contention of appellants is sustained on the authority of Guajardo v. Alamo Lumber Company, 159 Tex. 225, 317 S.W.2d 725 (1958); Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460 (1952) and Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943).

The judgment of the trial court is set aside and this cause is dismissed. Costs of appeal are assessed against appellants.