**HALLIBURTON SERVICES et al., Appellants,**

v.

**Steven Wayne PRINGLE, Appellee.**

**No. 1705.**

Court of Civil Appeals of Texas, Corpus Christi.

June 18, 1980.

D. Gibson Walton, Vinson & Elkins, Houston, for appellants.

Robert E. Johnson, Jr., Ernest H. Cannon, John O'Quinn, Murphrey, O'Quinn & Cannon, Houston, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from an injunction suit brought by appellee, Steven Wayne Pringle, against appellants, Halliburton Services, a division of Halliburton Company, and Highlands Insurance Company. After a hearing, the trial court entered the temporary injunction, the validity and/or mootness of which is in issue in this appeal.

On or about January 23, 1980, appellee sustained personal injuries while working on a drilling rig. In March, appellee filed an "Original Petition for Injunction" which alleged, in substance, that appellants were involved in the same accident, and in the investigation of the accident, they had taken possession of certain relevant equipment that was involved. Appellee further alleged that appellants "may through inspection and testing, damage or destroy or alter the equipment to such a degree that the cause of the explosion could not be determined," or that some of the evidence "may be lost or removed." In accordance with these allegations, appellee prayed for the issuance of a temporary restraining order prohibiting appellants from taking any action that might damage, alter, or destroy the pipe, equipment, or any other evidence involved in the accident or from moving, without appellee's consent, any such articles. Appellee also prayed for a court order allowing him to inspect and photograph the "pipe and all equipment or other evidence involved in the accident which appellants" have in their possession, and that a detailed list of all evidence be furnished to this Court. The trial court granted the temporary restraining order and set a hearing to determine whether a temporary injunction should be granted.

Prior to the temporary injunction hearing and after the temporary restraining order had been issued without notice, appellee amended his petition to incorporate for the first time allegations contending that this action was "in the nature of a bill of discovery pursuant to Rule 737, T.R.C.P. . . ." Appellee prayed, in the alternative, to have appellants submit to oral interrogatories. After the hearing, the trial judge entered an order: 1) enjoining appellants from taking any action that might alter, damage, or destroy "all the pipe, equipment and parts in the line and appurtenances between the blowout preventer and the choke manifold . . ." or "any photographs of the scene . . .", "and photographs of the parts involved and all graphs and charts reflecting work operations for twenty-four (24) hours before and after the occurrence . . ." and 2) requiring appellants to furnish to appellee's attorney a complete list of "the above mentioned pipe, equipment, parts, photographs, charts, and work records" within 5 days of the order.[1]

On appeal, appellants "do not quarrel with the proposition, in the abstract, that appellee does (and should) have a right to protect relevant evidence from being altered or destroyed—even before he filed his lawsuit on the merits." Appellants also "reaffirm [the] promise to this Court" . . . "that they have absolutely no intention of destroying any evidence that might be in their possession." Rather, appellants complain that appellees have completely failed to follow proper procedural requirements in order to obtain the relief sought and granted by the trial court's order.

The thrust of the relief sought by the appellees and the injunction granted by the

1. After the trial court entered its initial temporary restraining order, the parties pursued other appellate procedural avenues. The day after the temporary restraining order was entered, appellants filed in the Supreme Court of Texas their Motion for Leave to File a Petition for Writ of Mandamus (Cause No. B–9252 which was overruled by the Supreme Court on April 2, 1980. See Sup.Ct. J. (April 2, 1980). On April 14, 1980, this Court received appellants' "Motion for Leave to File Petition for Writ of Mandamus or Writ of Prohibition or Motion for Injunction" to prevent the trial court from proceeding with contempt and other matters while this appeal from the entry of the temporary injunction was under consideration. The Parties agreed with this Court to advance the hearing of this case and to not pursue their contempt action against these appellants until this appeal in this Court was concluded. We then denied leave to file.

trial court was to preserve the evidence which was the subject matter of a suit to be filed by appellees and to determine whether the appellants had in their possession certain evidence relevant to the accident. On June 2, 1980, the appellants sought a second original proceeding in this Court just prior to submission and oral argument to stop the taking of a deposition under Rule 187, T.R. C.P., because, according to appellants, the taking of such deposition would render the subject matter of this appeal moot. We denied leave to file because it was impossible to know the nature of the deposition and whether or not the party would, in fact, testify. The deposition was taken as scheduled on June 4, 1980, of Mac Johnson, a representative of Halliburton Services. The appellees have now filed a motion to dissolve and dismiss this temporary injunction because, according to appellee, "Mac Johnson testified in the deposition that Halliburton Services no longer has possession of the part that failed. Therefore, it is not worthwhile for appellee to continue to pursue this matter. Based on this information and the agreement of Halliburton that it would not destroy the parts and equipment in its possession, appellee wishes to dismiss and dissolve the temporary injunction" . . "because the injunction is now moot."

The appellants argue anyway that there were many procedural irregularities in the entire process brought by the appellees and we should rule on all of them. For instance, they contend: that appellees have been "forum shopping," that they attained the identical trial court relief in another court in another county; that there was no pending suit filed and therefore nothing to preserve the subject matter of a pending suit; that all necessary parties were not made parties to this pending action; and that the trial court generally did not have jurisdiction to issue the temporary restraining order and injunction under article 4642 initially or later by the amended petition of appellees suggesting that the relief sought was in the nature of a bill of discovery.[2] While we agree that this case does contain

many procedural irregularities, they are not properly before this Court for disposition. It is not the office of an intermediate appellate court to give advisory opinions on matters that are academic or moot. See *McNeill v. Hubert*, 119 Tex. 18, 23 S.W.2d 331 (1930); *Greene v. Gregg*, 520 S.W.2d 924 (Tex.Civ.App.—Tyler 1975, no writ).

The review of a temporary injunction in the Court of Civil Appeals presents the only question that was before the trial court: i. e., whether the plaintiff was entitled to preserve the status quo of the subject matter of the suit pending a trial on the merits. *Brooks v. Expo Chemical Co.*, 576 S.W.2d 369 (Tex.Sup.1979). If the lower court had jurisdiction of this case at all, the only question to review in this Court is a determination of whether there has been a clear abuse of discretion in determining whether the plaintiff was entitled to the preservation of the status quo of the subject matter pending a trial on the merits.

It is clear to us, however, that the subject matter of this appeal has now become moot. All parties are satisfied that the appellant has no intention to do that thing sought to be enjoined. Therefore, the injunction should be set aside. See: *Luccous v. J. C. Kinley Company*, 376 S.W.2d 336 (Tex.Sup. 1964).

Accordingly, we hereby set aside the trial court's injunction and dismiss the case as moot. *Texas Foundaries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460 (1952); *Downs v. City of Abilene*, 391 S.W.2d 41 (Tex.Sup.1965); *Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863 (1943).

---

2. See Rule 737, T.R.C.P.