**Linda S. RESTREPO and Carlos E. Restrepo, Appellants,**

v.

**FIRST NATIONAL BANK OF DONA ANA COUNTY, NEW MEXICO, et al., Appellees.**

No. 08–94–00229–CV.

Court of Appeals of Texas, El Paso.

Dec. 1, 1994.

Rehearing Overruled Dec. 28, 1994.

Carlos E. Restrepo, pro se.

Harrel L. Davis, III, Mounce & Galatzan, El Paso, for appellees.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

*OPINION*

PER CURIAM.

This is an appeal predicated on the trial court's order granting Appellants' motion to dismiss. This Court gave its Notice of Intent To Dismiss for Want of Jurisdiction on the Court's Own Motion to all parties. Appellants' response to our notice indicated fundamental defects in the appeal. This Court gave its Second Notice of Intent to Dismiss for Want of Jurisdiction on the Court's Own

Motion and Order to File Documents With the District Clerk to all parties. The Appellants' response to this second notice did not show us this appeal was not defective. Therefore, we dismiss the appeal as moot.

■ A case becomes *moot on appeal* when the judgment of the court can no longer have effect on an existing controversy. *VE Corp. v. Ernst & Young,* 860 S.W.2d 83, 84 (Tex.1993) (per curiam); *McNeill v. Hubert,* 119 Tex. 18, 22–23, 23 S.W.2d 331, 333 (1930). When *appellants* have dismissed their own case in the trial court, a judgment of the court of appeals cannot have an effect on an existing controversy, because there is no longer any controversy. *McNeill,* 119 Tex. at 23, 23 S.W.2d at 333; cf. *VE Corp.,* 860 S.W.2d at 84 (a case dismissed for forum non conveniens was not rendered moot on appeal when the same case was filed in another state; the court of appeals judgment would affect an existing controversy).

■ The *McNeill* case is instructive on this point. There, the appellant challenged the trial court's granting of a plea of privilege. 119 Tex. at 20, 23 S.W.2d at 331. Before submission on appeal, appellant nonsuited the defendant in the trial court, and the defendant moved to dismiss the appeal. *Id.* The court of appeals certified the question to the Supreme Court of Texas. The Commission of Appeals held that the appeal was moot, because a judgment of the court of appeals could have no effect on an existing controversy. 119 Tex. at 23, 23 S.W.2d at 333. The supreme court adopted the commission's opinion. *Id.* In the instant case, the Appellants dismissed their case, then attempted to perfect an appeal by filing an affidavit of inability to pay costs on appeal. As in *McNeill,* there is no underlying case, no existing controversy, that a judgment of this Court can affect.

We note that the Appellants filed their Motion To Dismiss Under Protest in this case only after being ordered to do so by the United States District Court for the Western District of Texas, Senior Judge Lucius D. Bunton, III presiding. Appellants have challenged the propriety of that order in various documents contained in the records of their several appeals. We have no jurisdiction,

however, to review the propriety of Judge Bunton's order. The only order properly before us is the order granting Appellants' motion to dismiss. We therefore conclude that this appeal is moot. This attempted appeal is DISMISSED.