IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs December 28, 2001

# CANDACE FLECK v. COOPER REALTY MANAGEMENT COMPANY, ET AL.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 95815 T.D.     The Honorable D'Army Bailey, Judge**

---

**No. W2001-00465-COA-R3-CV - Filed February 7, 2002**

---

Plaintiff allegedly sustained injuries at Mid Memphis Tower Building when she exited an elevator which failed to level. She and her husband sued the building's management company and the company that owns the manufacturer of the elevator. The suit against the elevator company alleges that the company was negligent "by failing to insure that the elevator in question was properly inspected, maintained, and repaired." The elevator company's interrogatories, *inter alia*, requested the identity of any expert witness the plaintiffs planned to use at trial. Plaintiffs answered this interrogatory in December, 1998: "Plaintiffs have not identified such individuals at this time." The interrogatories were never supplemented, and the case was set for trial on December 1, 1999. In October, 1999, the elevator company filed a motion for summary judgment on the ground that the lack of an expert witness prevented plaintiffs from proving essential elements of the case. Plaintiffs were granted additional time within which to obtain an expert witness and subsequently announced that plaintiffs did not intend to have an expert witness. The trial court granted summary judgment to the elevator company. Subsequently, the building's management company settled its case and upon dismissal of that suit, the grant of summary judgment became final. Plaintiff-wife appealed. We reverse.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Christopher L. Taylor, Memphis, For Appellant, Candace Fleck

John S. Golwen, John W. Campbell, Memphis, For Appellee, Schindler Elevator Corporation

**OPINION**

Plaintiffs, Candace Fleck and husband, Daniel Fleck[1], sued Cooper Realty Management Co. and Schindler Elevator Corporation, d/b/a Miller Elevator Service Company. The complaint alleges that on September 29, 1997, Mrs. Fleck (hereinafter "plaintiff") was a passenger on an elevator in the Mid Memphis Tower, 1407 Union Avenue, Memphis, Tennessee. As plaintiff was exiting the elevator, she fell out of the elevator after the elevator failed to stop even with the floor. She sustained severe injuries to her spine and neck. Plaintiff avers that the building is managed by the defendant, Cooper Realty Management Co., and that Cooper violated its duty to keep the premises in a proper and safe working condition. The complaint alleges as to Schindler:

> The defendant Schindler Elevator Corporation d/b/a Miller Elevator Service Company purchased and owns Westinghouse Elevator which was the manufacturer of the elevator. Defendant Schindler Elevator Corporation d/b/a Miller Elevator Service Company was negligent by failing to insure that the elevator in question was properly inspected, maintained, and repaired. As a direct and proximate result of this defendant's negligence, the plaintiff suffered severe psychological and physical injuries.

Schindler's answer admitted that it is the successor in interest of Westinghouse Elevator but denies the remaining allegations made against it.

Schindler filed a motion for summary judgment on the grounds that there are no genuine issues of material fact, and Schindler is entitled to a judgment as a matter of law. The motion states:

> The record and uncontroverted facts demonstrate that plaintiffs cannot establish Schindler's liability for their alleged injuries and cannot prove the essential element of proximate causation. Accordingly, summary judgment is appropriate and should be granted. Schindler relies upon its supporting memorandum and upon the entire record in this action in support of its motion.

By order entered October 5, 2000, the trial court granted summary judgment to defendant Schindler, stating:

> [T]his court found that plaintiffs had failed to obtain an expert witness to establish that Schindler was negligent in maintaining, inspecting, and repairing the elevator that is the subject of this litigation, and that such failure was fatal to the plaintiffs' case against Schindler. This court, therefore, found that no genuine issue of material fact existed and that Schindler was entitled to summary judgment in this cause.

---

[1] Daniel Fleck did not appeal.

Plaintiff, Candace Fleck, appeals, and the only issue for review is whether the trial court erred in granting summary judgment to Schindler.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* When the moving party shows that there is no genuine issue of material fact, the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial. Tenn. R.Civ. P. 56.06.

In *Horton v. Hughes*, 971 S.W.2d 957 (Tenn. Ct. App. 1998), the Court said:

> A party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case, *see Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn. 1993), because the failure of proof on an essential element of a claim necessarily renders all other facts immaterial. *See Alexander v. Memphis Individual Practice Ass'n,* 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt*, *Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

*Id.* at 959.

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Schindler presented no affidavit or other sworn proof in support of its motion for summary judgment but rests its motion entirely on plaintiffs' failure to have an expert witness to prove the essential elements of her case. Schindler asserts that plaintiffs' case against it is a products liability action, and plaintiffs must prove by expert testimony that the elevator was defective or unreasonably dangerous at the time it left Schindler's possession. We must disagree. Plaintiffs' complaint alleges that Schindler was negligent by not properly inspecting, maintaining, and repairing the elevator. The elements of a cause of action based on negligence are duty, breach of duty, cause in fact, loss or injury and proximate cause. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)(citing *Haynes v. Hamilton*, 883 S.W.2d 606, 611 (Tenn. 1994)).

Under the state of this record, it is impossible to ascertain whether expert proof is or is not essential for plaintiffs to maintain their action. Schindler denies the allegations of the complaint, and other than that, there has been no sworn proof of any kind to negate the plaintiffs' allegations. It is unclear whether plaintiffs will attempt to prove that there was a negligent inspection or repair, or that there was negligence in failing to repair when promised, or whether there was some duty to provide continuous maintenance for the elevator, and Schindler failed to do that. The allegations of the complaint are barely sufficient to withstand a 12.02(6) motion, and when plaintiffs' theory of recovery against Schindler is ascertained, it may well require expert proof. Plaintiffs have not provided any sworn proof concerning the cause of action but, under the state of this record at this point, such proof is not essential. Our Supreme Court stated in *McCarley, supra:*

> A party seeking summary judgment must demonstrate the absence of any genuine and material factual issues. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). Mere "conclusory assertion[s] that the non-moving party has no evidence is clearly insufficient." *Id.* at 215. The movant must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense. *Id.* at 215 n. 5. If the movant does not negate a claimed basis for the suit, the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails. *Id.*

*Id.* at 588.

We find that a grant of summary judgment at this stage was premature. Accordingly, the order of the trial court granting summary judgment to Schindler is reversed. The case is remanded for further proceedings consistent with this opinion. Costs of the appeal are assessed against the appellee, Schindler Elevator Corporation, d/b/a Miller Elevator Service Company.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.