Opinion issued April 21, 2022



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00551-CV

————————————

**FIRAS ALHADI, Appellant**

**V.**

**GRAND LAKES MUNICIPAL UTILITY DISTRICT #2 AND
GRAND LAKES WATER CONTROL AND IMPROVEMENT DISTRICT,
Appellees**

---

On Appeal from the 458th District Court
Fort Bend County, Texas
Trial Court Case No. 20-DCV-275403

---

## MEMORANDUM OPINION

This appeal stems from a tax lawsuit filed by Appellees Grand Lakes Municipal Utility District #2 and Grand Lakes Water Control and Improvement District ("Appellees") against Appellant Firas Alhadi ("Appellant") for delinquent

ad valorem taxes owed on his property in Fort Bend County ("Property").[1] Appellant contends that although he was served with citation of the collection suit for $4,669.47 in delinquent ad valorem property taxes, he was not served with any document warning him of the impending foreclosure of his Property.[2] The trial court issued a notice setting the case for trial on July 15, 2021. Appellant did not file an answer or appear at trial.

On July 19, 2021, the trial court signed a default judgment and issued an Order of Sale granting tax liens in the amount of $30,894.40 and directing the foreclosure of the liens against the Property.[3] The constable of Fort Bend County published notices for sale of the Property on September 15, 2021, September 22, 2021, and September 29, 2021, stating the Property would be sold at a public sale on October 5, 2021.[4] Two days later, on October 7, 2021, the constable filed a return of sale stating the Property had sold at the October 5, 2021 public sale for $447,000, generating sufficient proceeds to satisfy the tax liens.

---

[1]     Fort Bend County later intervened in the lawsuit.

[2]     Appellees assert Appellant's taxes were delinquent for tax years 2018, 2019, and 2020.

[3]     The default judgment was issued against Appellant and Grand Lakes Community Association, Inc., *In Rem* only.

[4]     The Constable "mailed or delivered a copy of the Notice of Sale to each of the defendants" in the underlying tax suit.

Appellant filed a notice of restricted appeal on October 13, 2021.[5]  And on October 18, 2021, he filed a Motion to Set Aside Default Judgment, which the trial court denied.  On appeal, Appellant contends it was error for the trial court to grant a default judgment granting tax liens and authorizing foreclosure of his Property to satisfy the liens when, given the defective citation, he lacked notice of the foreclosure or Appellees' attempt to establish tax liens.

Appellees Grand Lakes Municipal Utility District #2 and Grand Lakes Water Control and Improvement District moved to dismiss the appeal for lack of jurisdiction.  They assert the appeal is moot because "when the [P]roperty was sold at the tax sale, the delinquent tax property taxes, which were the live controversy of the original cause, were paid off and satisfied from the proceeds of the sale." Thus, Appellees argue, "any judgment issued by this Court would have no effect as there is no longer" a live controversy between the parties to resolve.[6]  Appellant filed a response to the motion to dismiss, asserting his appeal is not moot because (1) service of process for the tax suit was defective, (2) there is a question over whether the ad valorem taxes for the Property were owed, (3) the lawsuit was not only about property taxes but also a suit for foreclosure based on a voidable

---

[5]      Appellant filed an amended notice of appeal the following day.

[6]      On January 4, 2022, this Court sent a notice to Appellant advising him that the appeal could be dismissed for lack of jurisdiction and directing him to file a response explaining why his appeal is not moot.

3

judgment, and (4) the "capable of repetition yet evading review" exception to the mootness doctrine prevents dismissal.

We conclude Appellant's appeal is moot and thus dismiss the appeal.

**Discussion**

"Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions." *Estate Land Co. v. Wiese*, 546 S.W.3d 322, 326 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citations omitted). When a court's judgment will not affect an existing controversy, "a case becomes moot and should be dismissed." *Moss-Schulze v. EMC Mortg. Corp.*, 280 S.W.3d 876, 877 (Tex. App.—El Paso 2008, pet. denied) (citing *F.D.I.C. v. Nueces Cty.,* 886 S.W.2d 766, 767 (Tex. 1994); *Restrepo v. First Nat'l Bank of Dona Ana Cty., New Mexico,* 888 S.W.2d 606, 607 (Tex. App.—El Paso 1994, no writ)); *see also Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies.").

An appeal that concerns a tax lien on a property or a claim to property becomes moot when a foreclosure sale takes place and the subject tax delinquency is satisfied. *See, e.g.*, *Moss-Schulze*, 280 S.W.3d at 877 (holding that in case involving plaintiff who failed to make payments on mortgage loan, "[b]ecause the property which was the subject of this appeal has been sold, any judgment issued by the Court would have no effect as there is no longer a controversy to resolve");

4

*Alsobrook v. MTGLQ Inv'rs, LP*, No. 05-20-00400-CV, 2021 WL 4958860, at \*3 (Tex. App.—Dallas Oct. 26, 2021, pet. filed) (mem. op.) ("[T]he property, which is the subject of this appeal and the property to be foreclosed, has been sold. As a result, any judgment issued by the Court would have no effect as there is no longer a controversy to resolve."); *Moak v. Palestine Indep. Sch. Dist.*, No. 12-01-00362-CV, 2002 WL 1340821, at \*1 (Tex. App.—Tyler June 18, 2002, no pet.) (mem. op., not designated for publication) (holding tax foreclosure sale rendered appeal of judgment for delinquent ad valorem taxes on sold property moot).

Prior to the filing of Appellant's restricted appeal, Appellant's Property was sold at a public sale in an amount sufficient to satisfy the tax liens for the delinquent ad valorem taxes. Consequently, Appellant's challenge of the trial court's final judgment granting tax liens in the amount of $30,894.40 and directing the foreclosure of the liens against the Property at a public sale is moot. Appellant argues that his appeal should proceed nonetheless because the "capable of repetition yet evading review" doctrine applies. We disagree.

The "capable of repetition yet evading review" exception to mootness "applies only in rare circumstances." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). To invoke the exception, a plaintiff must prove:

> (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again.

*Id.*

As to the first element, Appellant argues that the twenty-day period between publication of the public sale and the actual sale of the Property did not provide him sufficient time to litigate the propriety of the sale. Appellant does not explain, however, why he did not litigate the propriety of the sale *during* the pendency of the suit. Appellees filed suit on July 31, 2020, and Appellant was served on August 13, 2020. The trial court did not enter final judgment until July 19, 2021—eleven months *after* Appellant was first served with citation. Appellant has thus not established that "the challenged action was too short in duration to be litigated fully before the action ceased or expired." *Id.*

Appellant's jurisdictional argument also fails because he does not address the second element of the "capable of repetition, yet evading review" doctrine. The doctrine requires him to show "that the claim is capable of repetition *as to him.*" *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 164 (Tex. 2012) (holding that "capable of repetition yet evading review" doctrine exception to mootness requires plaintiff to show "that the claim is capable of repetition *as to him.*") (emphasis in original); *Hegar v. CSG Forte Payments, Inc.*, No. 03-19-00325-CV, 2020 WL 7233605, at *6 (Tex. App.—Austin Dec. 9, 2020, no pet.) (holding "capable of repetition yet evading review" doctrine did not apply when appellant "has not shown, or even alleged, that it has a reasonable expectation that it will be

6

subjected to the same action again."). Appellant does not explain or address why he has a reasonable expectation he will be subjected to the same action again. Because he fails to address this necessary element, he has not established that the "capable of repetition yet evading review" doctrine applies to his appeal.

## Conclusion

We hold no live controversy remains among the parties. Appellant's Property was sold at a public sale and the tax liens granted in the trial court's final judgment from which Appellant appeals have been satisfied.[7] The appeal is thus moot. We grant Appellees' motion and dismiss the appeal.

## PER CURIAM

Panel consists of Justices Landau, Hightower, and Rivas-Molloy.

---

[7] In his response to Appellees' Motion to Dismiss, Appellant also argues that service of process for the tax suit was deficient because the citation "did not mention foreclosure and therefore did not conform to Texas law;" (2) there is no evidence Appellees' claims for delinquent taxes were valid; and (3) the lawsuit also concerns a voidable judgment. These arguments do not respond to Appellees' jurisdictional motion, but rather go to the merits of Appellees' appeal. Because we lack jurisdiction over the appeal, we do not address Appellant's arguments on the merits.